UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA BRAZZEL,

        Plaintiff,

        v.                       CAUSE NO. 3:25-CV-832-GSL-AZ

BRIAN ENGLISH, WAVERICK, ELLIOT,
LA POIUT, KUENZI, BECK, MYERS,

        Defendants.

OPINION AND ORDER

Joshua Brazzel, a prisoner without a lawyer, filed a complaint alleging he was denied medical treatment after he was attacked by his cellmate. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Brazzel alleges he was attacked by his cellmate at the Miami Correctional Facility, but it is unclear when. He alleges, "Beck was informed in writing and verbally by cellmate of his hallucinations and mental torment in front of Ms. Waverick," but it is unclear when. ECF 2 at ¶ 12. A failure to protect claim cannot be predicated "merely on

knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). To prevail, the plaintiff must establish "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

> To establish deliberate indifference on the part of the defendants sued individually, Klebanowski needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to Klebanowski's health or safety, yet failed to take appropriate steps to protect him from the specific danger.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008). This complaint does not allege any of the defendants had actual knowledge of an easily preventable impending harm to Brazzel. Merely knowing that his cellmate suffered mental torment from hallucinations was insufficient to alert them that he might become violent or that he was a physical threat to Brazzel. "Prisons are dangerous places." *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991), *abrogated on other grounds by Haley*, 86 F.3d at 640 (7th Cir. 1996).

> Some level of brutality . . . is inevitable no matter what the guards do. Worse: because violence is inevitable unless all prisoners are locked in their cells 24 hours a day and sedated (a "solution" posing constitutional problems of its own) it will always be possible to say that the guards "should have known" of the risk. Indeed they should, and do. Applied to a prison, the objective "should have known" formula of tort law approaches absolute liability, rather a long distance from the Supreme Court's standards in *Estelle* and its offspring.

*Id*. at 348. Moreover, there is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or

participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

Brazzel alleges he suffered from life threatening injuries. He alleges "responding nurses failed to take appropriate medical action," but he does not say what injuries he suffered, which nurses responded, or what they did or did not do. ECF 2 at ¶ 12. He alleges, "Dr. Kuenzi refused to take standard medical care to ensure no permanent physical injury occurred," but he does not say when Dr. Kuenzi saw him, what he did or did not do, or what permanent injury he sustained. *Id*. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Brazzel alleges "Sgt. Myers took control of all Plaintiff's property resulting in numerous loses." ECF 2 at ¶ 12. The Fourteenth Amendment provides that State officials shall not "deprive any person of life, liberty, or property, without due process of law," but a State tort claims act which provides a method to seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees. Those State laws provide an adequate post deprivation remedy to redress State officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Even the destruction of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987).

Brazzel alleges retaliation. ECF 2 at ¶ 12. To state a First Amendment retaliation claim an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Brazzel alleges he "[i]dentified and argued issues," but he

does not say what issues, when, where, or how. It is unclear what deprivation he suffered or how any of the defendants knew of, or were motivated by, his First Amendment activity.

This complaint does not state a claim for which relief can be granted. If Brazzel believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Joshua Brazzel until **November 10, 2025**, to file an amended complaint; and

(2) CAUTIONS Joshua Brazzel if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 6, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT